1  LAW OFFICE OF KEVIN M. WELCH
   Kevin M. Welch, (SBN 254565)
2  *Kevin@kmwlawoffice.com*
   P.O. Box 494
3  Hermosa Beach, CA 90245
   Tel.: (310) 929-0553
4  Fax: (310) 698-1626
5
   Attorney for the Plaintiff,
6  BUDDHAFUL DESIGNS, INC.
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION
11

| 12 | BUDDHAFUL DESIGNS, INC., a Washington limited liability company, | Case No.: |
|----|---|---|
| 13 | | **COMPLAINT FOR DAMAGES FOR:** |
| 14 | Plaintiff, | |
| 15 | | **(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114; Lanham Act 32);** |
| 16 | v. | |
| 17 | LAUREN H. RACUSIN, an individual, BUDDHAFULL CREATIONS, INC., a California corporation, and DOES 1 through 10, inclusive, | **(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act §43(a));** |
| 18 | | |
| 19 | | **(3) COMMON LAW TRADEMARK INFRINGEMENT;** |
| 20 | Defendants. | |
| 21 | | **(4) COMMON LAW UNFAIR COMPETITION; and** |
| 22 | | |
| 23 | | **(5) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).** |
| 24 | | |
| 25 | | <u>**DEMAND FOR JURY TRIAL**</u> |

26
27
28

COMPLAINT FOR DAMAGES – Page 1

Plaintiff, BUDDHAFUL DESIGNS ("B. Designs") by and for its Complaint for Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This is an action in law and equity for, *inter alia*, federal and common law trademark infringement and unfair competition, as well as, California unfair competition.

2. Plaintiff B.Designs is in the business of designing, manufacturing, marketing, and selling unique and unusual clothing, jewelry, and accessories.

3. Plaintiff B.Designs takes great care in designing, manufacturing, marketing, and selling clothing, jewelry, and accessories that provide a strong, positive and conscious message while maintaining a high degree of original artistic integrity and style.

4. Plaintiff B.Designs has invested large quantities of time, money, and effort into maintaining a strong, positive and conscious message and a high degree of original artistic integrity and style and B.Design's consumers have grown to associate such qualities with the trademarks BUDDHAFUL and BUDDHAFUL DESIGNS.

5. Plaintiff B.Designs sells its clothing, jewelry, and accessories through its Internet website, wwwbuddhaful.com and directly at various musical events and festivals.

6. Plaintiff B.Designs believes that its investments of time, money, and effort into designing, manufacturing, marketing, and selling clothing, jewelry, and accessories has caused its common law trademark BUDDHAFUL DESIGNS and its federally registered trademark BUDDHAFUL to amass significant goodwill and that such investments have produced valuable financial returns in the form of a commercial reputation for satisfying customers leading to new and repeat business.

7. Recently, it has come to the attention of Plaintiff B.Designs that Defendant Racusin and her company, Defendant B.Creations (together "Defendants"), are intentionally and willfully attempting to profit from B.Designs's goodwill and reputation in bad faith by offering for sale and selling a wide variety of jewelry and accessories, many of which are made from precious and semiprecious metals and stones, under the confusingly trademark BUDDHAFULL CREATIONS.

8. Defendants' market and sell such jewelry and accessories through Defendants' Internet website, www.buddhafullcreationsinc.com, and through direct sales at various musical events and festivals such as: Fillmore Jazz Festival; Cotati Accordian festival; Rivertown Revival Petaluma; Far West Fest; Petaluma Music Festival; 22nd Annual Cotati Accordian Festival; Millbrea Art and Wine Festival; BR Cohn Fall Charity Festival; Valley of the Moon Vintage Festival; and Music Market/Green World Music Festival.

9. Defendants' use of the highly similar and confusing trademark is causing Plaintiff B.Designs difficulty registering to sell its goods at the above mentioned musical events and festivals due to the hosting venues' inability to differentiate between the entities.

10. Defendants are misrepresenting or falsely implying that their products are provided by, affiliated or associated with B.Designs and are defrauding or confusing consumers who have come to expect high quality goods and customer services provided by B.Creations.

11. Further, Defendants are harming the goodwill associated with Plaintiff B.Designs's common law trademark BUDDHAFUL DESIGNS and federally registered trademark, BUDDHAFUL, by falsely associating Defendants' inferior quality goods and customer service with the mark by using the highly similar and confusingly similar mark BUDDHAFULL CREATIONS.

///

12. Plaintiff B.Designs is informed and believes, and based thereon alleges, that Defendants' infringing activity is systematic and willful or done with reckless disregard for Plaintiff B.Designs's intellectual property rights and asks that this Court enjoin Defendants' unlawful activities and pay appropriate damages pursuant to the above referenced federal and state statutes and common law.

## THE PARTIES

13. Plaintiff BUDDHAFUL DESIGNS, LLC is a limited liability company formed under the laws of the state of Washington that maintains a principle place of business at 4528 4rth Ave. NE, Seattle, WA 98105.

14. Upon information and belief, Defendant BUDDHAFULL CREATIONS, INC. (hereinafter "B.Creations") is a corporation formed under the laws of the state of California that maintains a principal place of business at 4728 Snyder Lane, Santa Rosa, CA 95404.

15. Upon information and belief, Defendant LAUREN H. RACUSIN (hereinafter "Racusin") is an individual and resident of the state of California and the owner of Defendant BUDDHAFULL CREATIONS, INC who maintains a residence at 4728 Snyder Lane, Santa Rosa, CA 95404.

16. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are currently unknown to Plaintiff B.Designs, who therefore sues said defendants by fictitious names. Plaintiff B.Designs is informed and believes, and on such information and belief, alleges that each of the Defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true names, identities and capacities of such fictitiously designated defendants are ascertained, Plaintiff B.Designs will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

17. This is an action seeking permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based on the trademark infringement and the unfair competition of Defendant Racusin and her company Defendant B.Creations in connection with Plaintiff B.Designs's coomon law trademark BUDDHAFUL DESIGNS and federally registered trademarks: BUDDHAFUL, reg. nos.: 4411687 and 3414100. The harm from these unlawful acts have occurred in the State of California, and more specifically in the Central District of California.

18. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1332, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

19. This Court has jurisdiction over Defendant Racusin and Defendant B.Creations because, *inter alia,* both defendants conduct business within the state of California and within the Central District.

20. This Court also has jurisdiction over this civil action because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the Plaintiff B.Designs and Defendant Racusin and Defendant B.Creations.

21. This Court has personal jurisdiction over Defendant Racusin and Defendant B.Creations because, *inter alia*, both defendants conduct business in the State of California and the Central District through their advertising and sales to customers located in California and throughout the Central District, transacts business in this judicial district, and have committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

22. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. §1114 (LANHAM ACT §32)

23. Plaintiff B.Designs hereby incorporates by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein, and makes the following allegations on information and belief.

24. Plaintiff B.Designs has acquired and owns common law rights in the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL in conjunction with unique and unusual clothing, jewelry, and accessories through many years of continuous use in United States commerce.

25. Plaintiff B.Designs is the owner of U.S. federal trademark registration no.:3414100 for the mark BUDDHAFUL for: *Short-sleeved or long-sleeved t-shirts; Tank-tops; Pants; Skirts and dresses; Vests; Coats* in international class 025 and U.S. federal trademark registration no.: 4411687 for the mark BUDDHAFUL for: *Jewelry and personal accessories made from precious and semiprecious metals and stones* in international class 014.

26. Plaintiff B.Design's U.S. federal trademark registrations for the mark BUDDHAFUL, nos.: 3414100 and 4411687, are both valid, subsisting, and in full force and effect.

27. Defendants Racusin and B.Creations are actively selling and offering for sale a variety of jewelry and accessories made from precious and semiprecious metals and stones through their Internet website www.buddahfullcreationsinc.com and directly at various festivals and musical events.

28. Exhibit A shows a screenshot from the Internet website www.buddhafullcreationsinc.com wherein Defendants are offering for sale a variety of jewelry constructed from precious stones and gems in conjunction with the mark BUDDHAFULL CREATIONS.

29. Exhibit B shows a screenshot from the Internet website www.buddhafullcreationsinc.com wherein Defendants are offering for sale a variety of jewelry constructed from precious metal clays in conjunction with the mark BUDDHAFULL CREATIONS

30. Defendants' trademark, BUDDHAFULL CREATIONS is confusingly similar to Plaintiff B.Designs trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, because it differs only by an extra letter "L" followed by the generic term "CREATIONS."

31. Defendants' trademark BUDDHAFULL CREATIONS highly similar to Plaintiff B.Design's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL and the use of which in conjunction with similar goods is likely to cause confusion, to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, or licensed by, or affiliated with, Plaintiff B.Designs.

32. Defendants are actually aware that Plaintiff B.Designs owns a federally registration for the trademark BUDDHAFUL, and that Plaintiff B.Designs has not granted Defendants the right license or authority to use such trademark or any trademark confusingly similar thereto.

33. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants have no right, license, or authority to use the trademark BUDDHAFUL DESIGNS or BUDDHAFUL or any other designation similar thereto.

34. Defendants' conduct is intended to reap the benefit of the goodwill that Plaintiff B.Designs has amassed in the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL, and constitutes infringement of Plaintiff B.Designs's federally registered trademarks in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

35. Because Defendants are using trademarks that are confusingly similar to the Plaintiff B.Design's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, in connection with U.S. commerce in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to the goodwill associated with Plaintiff B.Designs's common law and federally registered trademarks and will continue to damage to Plaintiff B.Designs, and to deceive consumers unless enjoined by this Court.

36. Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of trademarks in U.S. commerce that are nearly identical to, and therefore confusingly similar to, Plaintiff B.Design's trademarks BUDDHAFUL DESIGNS and BUDDHAFUL.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a) (LANHAM ACT §43(a))

37. Plaintiff B.Designs repeats and incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. The conduct of Defendants is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of the goods provided by Defendants, and is likely to create the false impression that such goods are authorized, sponsored, endorsed or licensed by, or affiliated with Plaintiff B.Designs, the owner of the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL, and are generally unfair and deceptive.

39. The conduct of Defendants constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of §42(a) of the Lanham Act, 15 U.S.C. §1125(a) because Defendant's use of the trademark, BUDDHAFULL CREATIONS, unfairly leads consumers to falsely believe that Defendants are sponsored by or affiliated with Plaintiff B.Designs.

40. Because Defendants are using a trademark confusingly similar to the common law trademark BUDDHAFUL DESIGNS and the federally registered trademark BUDDHAFUL in connection with U.S. commerce in an unauthorized manner, Defendants have unfairly profited from the investments made by Plaintiff B.Designs in the quality and reputation of the products associated with the trademark.

41. Because Defendants are using a trademark confusingly similar to the common law trademark BUDDHAFUL DESIGNS and the federally registered trademark BUDDHAFUL in connection with U.S. commerce in an unauthorized manner, Defendants have caused and are continuing to cause substantial irreparable harm to Plaintiff B.Design's common law trademark, BUDDHAFUL DESIGNS, and federally registered trademark, BUDDHAFUL, and such damage will not stop, nor will Defendants' deceit of consumers, unless enjoined by this Court.

42. Plaintiff B.Designs has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant's continued use of a confusingly similar trademark in U.S. commerce.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff B.Designs repeats and incorporates by reference the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff B.Designs has used its trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, to sell goods on the Internet throughout the United States at least as early as July of 1998.

45. Plaintiff B.Designs has used the trademarkS BUDDHAFUL DESIGNS and BUDDHAFUL continuously since at least as early as July of 1998.

46. Plaintiff B.Design's trademark, BUDDHAFUL DESIGNS and BUDDHAFUL, is inherently distinctive; therefore, common law trademark rights

vested with Plaintiff B.Designs immediately following Plaintiff B.Designs use of such trademarks in U.S. commerce.

47. Plaintiff B.Designs used the trademark BUDDHAFUL DESIGNS and BUDDHAFUL several years prior to Defendants used the trademark BUDDHAFULL CREATIONS and therefore Plaintiff B.Designs is the senior user in time and has superior rights.

48. With full knowledge of Plaintiff B.Design's ownership of superior rights in the trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, Defendants began using a confusingly similar trademark in U.S. commerce in conjunction with near identical goods in near identical trade channels.

49. The conduct of Defendants is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed or licensed by, or affiliated with Plaintiff B.Designs.

50. Defendants had actual knowledge of Plaintiff B.Design's exclusive rights in its trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, prior to the filing of this Complaint and defiantly continued the use of a confusingly similar mark in U.S. commerce.

51. The conduct of Defendants is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use Plaintiff B.Design's trademarks or any other designation similar thereto.

52. The conduct of Defendants is intended to reap the benefits of the goodwill that Plaintiff B.Designs has created in its trademarks, and constitutes an infringement of Plaintiff B.Design's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL.

53. Because Defendants are using the trademark BUDDHAFULL CREATIONS in connection with jewelry made from precious and semiprecious

metal and stones in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to the distinctiveness and goodwill associated with Plaintiff B.Design's common law trademarks and will continue to damage Plaintiff B.Designs, and to deceive the consuming public, unless enjoined by this Court.

54. Plaintiff B.Design's has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of the confusingly similar trademark, BUDDHAFULL CREATIONS, in U.S. commerce.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

55. Plaintiff B.Designs repeats and incorporates by reference the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56. The unlawful conduct of Defendants is likely to continue to cause confusion, to cause mistake and deceive consumers as to the origin, source, or sponsorship of goods provided by Defendants in connection with the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL, and is likely to create the false impression that the services provided by Defendants are sponsored by or affiliated with Plaintiff B.Designs.

57. The conduct of Defendants constitutes unfair competition in violation of the common law of California and other states.

58. The conduct of Defendants is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use the trademarks BUDDHAFUL DESIGNS or BUDDHAFUL or any other designation confusingly similar thereto.

59. Because Defendants are using the confusingly similar trademark, BUDDHAFULL CREATIONS, in connection with the sale or offer for sale of an identical type of good, in identical market channels, to a similar consumer base,

Defendants have caused and are causing substantial irreparable harm to Plaintiff B.Designs and will continue to damage Plaintiff B.Designs, and to deceive the consuming public, unless restrained and permanently enjoined by this Court.

60. Plaintiff B.Designs has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by the Defendants' continued use of unfair business practices.

## COUNT VII
## CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code §17200

61. B.Designs repeats and incorporates by reference the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. The unlawful conduct of Defendants, as alleged above, also constitute unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

63. Defendants' use of a confusingly similar trademark without regard to the damage such use causes Plaintiff B.Designs is below the acceptable threshold of commercial morality and therefore constitutes unfair business practices.

64. The wrongful acts of Defendants proximately caused, and will continue to cause, substantial injury to Plaintiff B.Designs including confusion of potential customers, injury to reputation, and diminution of the value of B.Designs's trademarks BUDDHAFUL DESIGNS and BUDDHAFUL. These actions will cause imminent irreparable harm and injury to Plaintiff B.Designs, the total amount of which cannot be ascertained while Defendants' acts are continuing.

65. As a direct and proximate result of the unfair and wrongful acts of Defendants, Plaintiff B.Designs has been damaged, and is entitled to injunctive relief and restitution in an amount proven at trial. The acts of Defendants, described herein, irreparably injured B.Designs's business, reputation, goodwill, and will continue to do so unless restrained and permanently enjoined by this Court.

66. B.Designs has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of unfair business practices.

**PRAYER FOR RELIEF**

**WHEREFORE,** B.Designs respectfully requests the following relief;

A. A permanent injunction prohibiting Defendants, their officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the trademarks BUDDHAFULL CREATIONS, BUDDHAFUL DESIGNS, BUDDHAFUL, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling similar goods in the United States, and from otherwise infringing the U.S federal trademark registration nos.: 4411687 and 3414100;

B. An accounting for all profits acquired by Defendants through sales of goods or services in conjunction with the unlawful use of the trademark BUDDHAFULL CREATIONS or any other designation confusingly similar to Plaintiff B.Designs common law trademarks BUDDHAFUL DE SIGNS and BUDDHAFUL or U.S. federal trademark registration nos.: 4411687 and 3414100;

C. An award of $250,000 for damage to the goodwill and reputation of Plaintiff B.Designs's common law trademarks BUDDHAFUL DESIGNS and BUDDHAFUL or Plaintiff B.Designs's federally registered trademark BUDDHAFUL, reg. nos.: 4411687 and 3414100;

D. An award of treble damages or other enhanced monetary remedies to Plaintiff B.Designs;

E. An award of attorneys' fees and cost to Plaintiff B.Designs pursuant to California Civil Procedure 1021.5; and

F. Any such further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated this sixteenth day of May, 2014

By: _____

Kevin M. Welch, Esq. (SBN 254565)

LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
BUDDHAFUL DESIGNS, LLC